**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| SANDRA LEE BERNARD, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cv-282 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| WAL-MART INC., *et al.*, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 28)**

Presently before the Court is Defendant's Motion for Summary Judgment ("Motion"). Wal-Mart, Inc. ("Wal-Mart") seeks summary judgment on Plaintiff Sandra Lee Bernard's ("Bernard") claim of negligence against Wal-Mart related to a fall she suffered due to the alleged actions of a Wal-Mart employee.

The Court **GRANTS** Defendant's Motion for Summary Judgment and dismisses the case.

**I.     BACKGROUND**

On April 27, 2018, Bernard and her grandchildren, CJ and Symphony, arrived at the Wal-Mart store located at 7725 Hoke Road, Englewood, Ohio. (Doc. No. 4 at PageID 37.) Bernard purchased a 55" television and had a store associate place it in her shopping cart. (Doc. No. 27 at PageID 141, 160.) As Bernard and her grandchildren proceeded to the parking lot, she requested assistance in getting the television in to her vehicle. (*Id*. at PageID 142-43.) A store associate arrived and pushed the cart to Bernard's vehicle, a 2016 Malibu LT. (*Id*. at PageID 143-44.)

Bernard asked the store associate to place the television in the back of her vehicle, but they were hindered by a console that jutted out from between the front two seats into the rear area. (*Id*.

1

at PageID 144-45.) Bernard and the store associate attempted several adjustments of the television, but were unable to close the doors to the vehicle. (*Id*. at PageID 145.) Around this time, Bernard moved to the passenger side of the vehicle and had a knee in the vehicle in an effort "to push it back from where it was wedged." (*Id*.)

At this point, Bernard became concerned that the television box was scratching the seats of her vehicle. (*Id*. at PageID 145, 147.) She asked the store associate to remove the television from the back seat and put it in the trunk. (*Id*. at PageID 147.) Bernard began pushing the television from her side of the vehicle, so that it would become unstuck and the store associate could pull it out. (*Id*. at PageID 148-49.) While attempting to dislodge the television, Bernard changed position and had both her knees in the vehicle, with her feet hanging outside of the vehicle. (*Id*. at PageID 149.) Bernard was able to get the television unstuck, at which point the store associate pushed the television towards her and she fell out of the vehicle onto the pavement. (*Id*. at PageID 149-50)

Bernard fell onto her buttocks and hit her head. (*Id*. at PageID 150-51.) Upon realizing she had fallen, the store associate and CJ attempted to help Bernard up, but she fell back onto her buttocks. (*Id*. at PageID 152.) Bernard returned the next day and filled out an incident report with the store. (Doc. No. 27-1.)

Following the accident, Bernard sought treatment for injuries to her head, shoulders, neck and back. (Doc. No. 4 at PageID 138.) During the pendency of this litigation, Bernard was evaluated by Wal-Mart's expert, Dr. Arthur F. Lee, MD, who prepared a report. (Doc. No. 28-1.) Dr. Lee's evaluation determined that no permanent damage had been done. (*Id*. at PageID 221.) Moreover, Dr. Lee explained that a review of the medical records showed that the physical complaints Bernard related to the accident were symptoms she had been complaining of since

2010. (*Id.* at PageID 234.)

Bernard filed her Complaint on April 23, 2020, in the Common Pleas Court of Montgomery County. (Doc. No. 3.) Wal-Mart removed the case to this Court on July 9, 2020, pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.) Bernard filed an Amended Complaint on July 10, 2020. (Doc. No. 4.) Wal-Mart filed the present Motion on June 16, 2022 (Doc. No. 28) and Bernard filed her opposition on July 7, 2022 (Doc. No. 29). Wal-Mart filed its reply on July 14, 2022. (Doc. No. 30.) This matter is fully briefed and ripe for review.

## II.  LEGAL STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). In opposing summary judgment, the nonmoving party cannot rest

on its pleadings or merely reassert its previous allegations. *Id*. at 248-49. It also is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

A party's failure "to properly address another party's assertion of fact as required by Rule 56(c)" can result in the court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Additionally, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 255. In determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id*. at 255; *Matsushita*, 475 U.S. at 587; *Tolan v. Cotton*, 572 U.S. 650, 660, 134 S. Ct. 1861, 188 L. Ed. 2d 895 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, then, is "whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id*.

### III. ANALYSIS

Wal-Mart argues that it is entitled to summary judgment because Bernard cannot establish causation as she cannot tie any of her alleged injuries to the accident.[1] (Doc. No. 28 at PageID 204-06.) Bernard's opposition fails to cite anything in the factual record. Instead, Bernard argues, without factual support, that the employee was negligent in shoving the television into her and the subsequent fall exacerbated pre-existing medical conditions. (Doc. No. 29 at PageID 239.) In its reply, Wal-Mart argues that Bernard has failed to create a genuine issue of material fact because the non-moving party is not permitted to rest on its pleadings. (Doc. No. 30 at PageID 244.)

It is well-settled in Ohio that the elements of negligence are: "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio DOC*, 96 Ohio St. 3d 266, 274, 2002-Ohio-4210, ¶ 22, 773 N.E.2d 1018, 1025-26 (Ohio 2002) (citing *Mussivand v. David*, 45 Ohio St. 3d 314, 318, 544 N.E.2d 265, 270 (Ohio 1989)). Wal-Mart argues that Bernard cannot establish the existence of a duty or causation in this case. The Court can resolve this motion on the causation element alone.

Ohio common law has long required a plaintiff to prove that a particular defendant caused his or her injury through negligence. Specifically, the Ohio Supreme Court has held, and reaffirmed on multiple occasions, that:

> The rule is elementary, that the defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of; and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act.

---

[1] Wal-Mart makes additional arguments regarding the foreseeability of the injury and Bernard's assumption of the risk. (Doc. No. 28.) However, the Court need not reach these issues as this matter can be decided solely on Wal-Mart's argument regarding causation.

*Foss-Schneider Brewing Co. v. Ulland*, 97 Ohio St. 210, 218, 119 N.E. 454, 457 (Ohio 1918) (quoting *Miller v. Baltimore & Ohio Southwestern R.R. Co.*, 78 Ohio St. 309, 325, 85 N.E. 499, 504 (Ohio 1908)); *see also Jeffers v. Olexo*, 43 Ohio St. 3d 140, 142-43, 539 N.E.2d 614, 616-17 (Ohio 1989); *Sutowksi v. Eli Lilly & Co.*, 82 Ohio St. 3d 347, 351, 696 N.E.2d 187, 190 (Ohio 1998). Generally, causation is a question of fact for the jury; however, the plaintiff must present some evidence of causation. *Reiger v. Giant Eagle, Inc.*, 2019-Ohio-3745, ¶ 11, 157 Ohio St. 3d 512, 516, 138 N.E.2d 1121, 1125 (Ohio 2019) (citing *Renfroe v. Ashley*, 167 Ohio St. 472, 475, 150 N.E.2d 50, 52 (Ohio 1958)).

      The Amended Complaint alleges that Bernard suffered pain in her head, shoulder, back and neck. (Doc. No. 4 at PageID 38.) Wal-Mart argues, in part, that Bernard's injuries were present long before the accident and that this negates the allegation that her complained of injuries were the natural and probable consequence of the accident. (Doc. No. 28 at PageID 205.) In support of this point, Wal-Mart cites to its expert, Dr. Lee, whose report states that Bernard did not suffer any permanent injuries and that she had complained of pain in these areas since 2010. (Doc. No. 28-1 at PageID 221, 234.) In response, Bernard argues that her pre-existing medical conditions were exacerbated by the fall. (Doc. No. 29 at PageID 239.) However, Bernard fails to cite *any* evidence in support of this position. The only evidence presented in this case states that Bernard did not suffer any permanent injury and any injuries that were present were attributable to medical complaints Bernhard had made at least eight years before the accident. Consequently, Bernard has failed to create a genuine issue of material fact as to the issue of causation.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 28).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, August 4, 2022.

s/Thomas M. Rose

---

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE