UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SANDRA LEE BERNARD, : | |
| : | |
| Plaintiff, : | Case No. 3:20-cv-282 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| WAL-MART INC., *et al*., : | |
| : | |
| Defendants. : | |

**ENTRY AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT (DOC. NO. 42)**

Presently before the Court is Defendant's Renewed Motion for Summary Judgment ("Motion") (Doc. No. 42). In the Motion, Defendant Wal-Mart, Inc. ("Wal-Mart") seeks summary judgment on Plaintiff Sandra Lee Bernard's ("Bernard") claim of negligence against Wal-Mart related to a fall she suffered due to the alleged actions of a Wal-Mart employee.

For the reasons discussed below, Defendant's Renewed Motion for Summary Judgment is **DENIED**.

I.  **BACKGROUND**

On April 27, 2018, Bernard and her grandchildren, CJ and Symphony, arrived at the Wal-Mart store located at 7725 Hoke Road, Englewood, Ohio. (Doc. No. 42 at PageID 218.) Bernard purchased a 55" television and had a store associate place it in her shopping cart. (Doc. No. 27 at PageID 141, 160.) As Bernard and her grandchildren proceeded to the parking lot, she was provided with assistance in getting the television into her vehicle. (*Id*. at PageID 142-43.) A store associate arrived and pushed the cart to Bernard's vehicle, a 2016 Malibu LT. (*Id*. at PageID 143-44.)

1

Bernard asked the store associate to place the television in the back of her vehicle, but they were hindered by a console that jutted out from between the front two seats into the rear area. (*Id*. at PageID 144-45.) Bernard and the store associate attempted several adjustments of the television, but were unable to close the doors to the vehicle. (*Id*. at PageID 145.) Around this time, Bernard moved to the passenger side of the vehicle and had a knee in the vehicle in an effort "to push it back from where it was wedged." (*Id*.)

At this point, Bernard became concerned that the television box was scratching the seats of her vehicle. (*Id*. at PageID 145, 147.) Bernard began pushing the television from her side of the vehicle, so that it would become unstuck and the store associate could pull it out. (*Id*. at PageID 148-49.) While attempting to dislodge the television, Bernard changed position and had both her knees in the vehicle, with her feet hanging outside of the vehicle. (*Id*. at PageID 149.) Bernard was able to get the television unstuck, at which point the store associate pushed the television towards her and she fell out of the vehicle onto the pavement. (*Id*. at PageID 149-50)

Bernard fell onto her buttocks and hit her head. (*Id*. at PageID 150-51.) Upon realizing she had fallen, the store associate and CJ attempted to help Bernard up, but she fell back onto her buttocks. (*Id*. at PageID 152.) Bernard returned the next day and filled out an incident report with the store. (Doc. No. 27-1.)

Bernard filed her Complaint on April 23, 2020 in the Common Pleas Court of Montgomery County. (Doc. No. 3.) Wal-Mart removed the case to this Court on July 9, 2020, pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.) Bernard filed an Amended Complaint on July 10, 2020. (Doc. No. 4.) Wal-Mart filed the present Motion on May 12, 2023 (Doc. No. 42) and Bernard filed her opposition on May 30, 2023 (Doc. No. 43). Wal-Mart filed its reply on June 12, 2023. (Doc. No. 44.) The Motion is fully briefed and ripe for review and

decision.

## II.     LEGAL STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought" and that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, affidavits or sworn declarations, and admissions on file, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(a), (c). The burden then shifts to the non-moving party, which "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In opposing summary judgment, the nonmoving party cannot rest on its pleadings or merely reassert its previous allegations. *Id*. at 248-49. It also is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

A party's failure "to properly address another party's assertion of fact as required by Rule 56(c)" can result in the court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Additionally, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."

3

*InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 255. In determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id*. at 255; *Matsushita*, 475 U.S. at 587; *Tolan v. Cotton*, 572 U.S. 650, 660 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, therefore, "asks whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id*.

As judgment is sought on claims brought under Ohio law, this Court must apply the law of Ohio, as interpreted by the Supreme Court of Ohio. *Northland Ins. Co.v. Guardsman Prods. Inc.*, 141 F.3d 612, 617 (6th Cir. 1998). Specifically, this Court must apply the substantive law of Ohio "in accordance with the then-controlling decision of the highest court of the State." *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001). To the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how Ohio's highest court would rule. *Id*. This is done by looking to other available data, which "include decisions of the state appellate courts, and those decisions should not be disregarded unless" presented with persuasive data that the Supreme Court of Ohio would decide otherwise; instead, such decisions should be given weighty, but not controlling, deference. *Allstate Ins. Co. v. Thrifty Rent-A-Car*

4

*Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001); *see also Babcock Power, Inc. v. Kapsalis*, 854 F. App'x 1, 5 (6th Cir. 2021).

    **III.**    **ANALYSIS**

Wal-Mart makes three arguments in support of its request for summary judgment. First, Wal-Mart argues that it is entitled to summary judgment because the incident was not foreseeable to Wal-Mart. (Doc. No. 42 at PageID 286.) Second, Wal-Mart argues that Bernard cannot establish the negligence elements of breach or causation. (*Id*. at PageID 287.) Third, Wal-Mart argues that Bernard's claim is precluded because she assumed the risk. (*Id*. at PageID 290.)

It is well-settled in Ohio that the elements of negligence are: "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio DOC*, 96 Ohio St. 3d 266, 274, 2002-Ohio-4210, ¶ 22, 773 N.E.2d 1018, 1025-26 (Ohio 2002) (citing *Mussivand v. David*, 45 Ohio St. 3d 314, 318, 544 N.E.2d 265, 270 (Ohio 1989)). Wal-Mart's arguments attack each element of negligence, and the Court will deal with each argument in turn.

    **A.**  **Foreseeability**

Wal-Mart first argues that it could not have foreseen the incident that occurred and, consequently, no duty applies under Ohio law. (Doc. No. 42 at PageID 286.)

Under Ohio law, "[t]he existence of a particular party's duty 'depends on the foreseeability of the injury.'" *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680, 693 N.E.2d 271, 274 (Ohio 1998). The Ohio Supreme Court set forth the applicable test for foreseeability as "whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St. 3d 75, 77, 472 N.E.2d 707, 710 (Ohio 1984) (citing *Freeman v. U.S.*, 509

5

F.2d 626, 629 (6th Cir. 1975)). Furthermore, "[t]he foreseeability of the risk of harm is not affected by the magnitude, severity, or exact probability of a particular harm, but instead by the question of whether some risk of harm would be foreseeable to the reasonably prudent person." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 2015-Ohio-229, ¶ 24, 142 Ohio St. 3d 257, 263, 29 N.E.3d 921, 929 (Ohio 2015). Thus, "the existence and scope of a person's legal duty is determined by the reasonably foreseeable, general risk of harm that is involved." *Id*.

"'Ordinarily, the existence of both negligence and proximate cause are, in a jury trial, questions of fact for the determination of the jury under proper instructions from the court. . . .'" *Strother v. Hutchinson*, 67 Ohio St. 2d 282, 288, 423 N.E.2d 467, 471 (Ohio 1981) (quoting *Clinger v. Duncan*, 166 Ohio St. 216, 223, 141 N.E.2d 156, 162 (Ohio 1957)); *see also Gin v. Yachanin*, 75 Ohio App. 3d 802, 804, 600 N.E.2d 836, 838 (Ohio Ct. App. 1991) ("it is established law that the issues of proximate cause, intervening cause and foreseeability are generally questions for the jury…"); *Delta Fuels, Inc. v. Consol. Env't Servs., Inc.*, 2012-Ohio-2227, ¶ 36, 969 N.E.2d 800, 807 (Ohio Ct. App. 2012) ("the question of what is or is not foreseeable to a reasonable person in the position of the defendant is normally a jury question…").

Wal-Mart argues that the store associate "had no ability to perceive [Bernard]'s actions" and that he could not have "perceived, anticipated, or presumed that his conduct. . . would result in injury to [Bernard]." (Doc. No. 42 at PageID 287.) These arguments are unsupported by the evidence presented to this Court. Wal-Mart does not cite to a deposition or affidavit from the store associate. Nor does Wal-Mart cite any other piece of evidence that demonstrates that the store associate did not know where Bernard was. Indeed, based on the evidence presently before the Court, a reasonably prudent person may well have anticipated that shoving a box across the backseat of vehicle may injure a person standing on the other side of that vehicle in some way.

6

The lack of evidence on this point raises a genuine issue of fact that a jury must decide.

### B. Breach and Causation

Wal-Mart further argues that Bernard cannot establish the negligence elements of breach of duty or causation. (Doc. No. 42 at PageID 287.) The Court will handle each element in turn.

#### i. Wal-Mart's Duty to Bernard

Wal-Mart argues that it owed no duty to Bernard because the store associate that assisted her in loading the vehicle was acting at her direction. (*Id*. at PageID 288.) In support of this argument, Wal-Mart points to the principles of static versus active negligence in cases involving business invitees. (*Id*. at PageID 287-88)

"[S]tatic or passive conditions, such as preexisting latent defects, are legally distinct from claims averring active negligence by act or omission," in premises tort claims. *Simmons v. Am. Pac. Enters., LLC*, 164 Ohio App. 3d 763, 2005-Ohio-6957, ¶ 20 (Ohio Ct. App. 2005). "The distinction between static and dynamic forms of negligence is legally significant, because it directly correlates to the two separate and distinct duties an occupier owes its business invitees: (1) static conditions relate to the owner's duty to maintain its premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers, while (2) active negligence relates to the owner's duty not to injure its invitees by negligent activities conducted on the premises." *Id*. (citing *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52 (Ohio 1978)).

Wal-Mart argues that its store associate was not acting negligently because he volunteered himself to help in response to Bernard's request for assistance in loading the TV into her car and he was acting at the direction of Bernard. (Doc. No. 42 at PageID 288.) However, this recitation of events does not appear to completely square with the record cited by Wal-Mart. The portion of Bernard's deposition testimony cited by Wal-Mart for the proposition that she requested assistance

7

states:

> The people were there and we stopped there because -- and the girl, they asked me who was going put that -- because I guess, like, they like to see that -- who was going to help me put it up there. But I said, 'I'm not putting it in there.' They said, 'Well, make your grandson.' I said, 'I don't think so.' They called and -- called somebody to come up to take the TV out, you know, to put it in the car.

(Doc. No. 27 at PageID 142.) The facts are convoluted to say the least, but at least raise a question of whether Bernard asked for assistance or whether Wal-Mart stopped her and determined that she needed assistance.

Wal-Mart cites a separate portion of Bernard's deposition testimony for the assertion that the store associate was acting at her direction. Wal-Mart similarly misconstrues the deposition testimony it cites for this point. First, Wal-Mart argues that, "at the time the incident occurred, the Store associate was not mishandling the television box and was attentively following the sole directions of [Bernard]." (Doc. No. 42 at PageID 288 (emphasis in original).) Wal-Mart cites to a quote from Bernard stating "[y]ou gone scratch my seat up. So take it out, just put in the trunk." (*Id*. (citing Doc. No. 27 at PageID 147.)) Unfortunately, the chronology is unclear because Wal-Mart clarified on the next page of the deposition transcript that it was interested in the events prior to Bernard's fall without clarifying whether the prior quote was before or after Bernard's fall. (Doc. No. 27 at PageID 148.)

Second, during the moments leading up to the accident, Bernard's deposition testimony states:

> I said, 'Stop.' I said, 'Don't push.' I said, 'I'm going to – it's stuck here. I'm going move – I'm going get it over.' And once I leveled it up, he pushed the box and I -- I just flew back.

(Doc. No. 27 at PageID 150.) While this portion of testimony certainly demonstrates that Bernard was informing the store associate of what she was doing prior to the incident, a jury could conclude

8

that she was not giving him directions. Moreover, the deposition testimony is entirely consistent with Bernard informing the store associate of what she was doing and the store associate pushing the television box into Bernard without warning, a series of events for which a jury may reasonably find a breach on the part of Wal-Mart.

Therefore, the Court finds that a genuine issue of fact exists as to whether the store associate was negligent in loading the television into the vehicle.

### ii. Causation

Wal-Mart argues that the evidence of causation is insufficient for two reasons. First, Wal-Mart argues that Bernard's injuries were not the natural and probable consequence of the conduct of the store associate. (Doc. No. 42 at PageID 289.) Second, Wal-Mart argues that Bernard's conduct was an intervening cause that broke the causal chain. (*Id*. at PageID 290.)

Ohio common law has long required a plaintiff to prove that a particular defendant caused his or her injury through negligence. Specifically, the Ohio Supreme Court has held, and reaffirmed on multiple occasions, that:

> The rule is elementary, that the defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of; and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act.

*Foss-Schneider Brewing Co. v. Ulland*, 97 Ohio St. 210, 218, 119 N.E. 454, 457 (Ohio 1918) (quoting *Miller v. Baltimore & Ohio Southwestern R.R. Co.*, 78 Ohio St. 309, 325, 85 N.E. 499, 504 (Ohio 1908)); *see also Jeffers v. Olexo*, 43 Ohio St. 3d 140, 142-43, 539 N.E.2d 614, 616-17 (Ohio 1989); *Sutowksi v. Eli Lilly & Co.*, 82 Ohio St. 3d 347, 351, 696 N.E.2d 187, 190 (Ohio 1998). Generally, causation is a question of fact for the jury. *Reiger v. Giant Eagle, Inc.*, 2019-

Ohio-3745, ¶ 11, 157 Ohio St. 3d 512, 516, 138 N.E.2d 1121, 1125 (Ohio 2019) (citing *Renfroe v. Ashley*, 167 Ohio St. 472, 475, 150 N.E.2d 50, 52 (Ohio 1958)); *Strother*, 67 Ohio St. 2d at 288 (quoting *Clinger*, 166 Ohio St. at 223) ("'Ordinarily, the existence of both negligence and proximate cause are, in a jury trial, questions of fact for the determination of the jury under proper instructions from the court. . . .'"); *see also Gin*, 75 Ohio App. 3d at 804 ("While it is established law that the issues of proximate cause, intervening cause and foreseeability are generally questions for the jury…").

Wal-Mart first argues that Bernard's injuries were not the natural and probable consequence of the store associate's conduct because he could not have foreseen the accident. (Doc. No. 42 at PageID 289.) In support of this argument, Wal-Mart argues that the store associate's view of Bernard was obstructed and that there is no evidence that the store associate knew how Bernard had positioned herself. (*Id*. at PageID 289-90.) However, the portion of Bernard's testimony Wal-Mart cites simply states that the television box was stuck in the corner of the vehicle. (Doc. No. 27 at PageID 148-49.) There is no testimony from the store associate or any other witness on what the store associate could or could not see; thus the Court is required to rely solely on the portions of Bernard's testimony cited by Wal-Mart. Nowhere in the cited portions does Bernard indicate that the store associate's view was entirely obstructed or what he could see or that he could not see her.

Wal-Mart next argues that Bernard's own conduct was an intervening cause that broke the causal chain. (Doc. No. 42 at PageID 290.) Wal-Mart argues that Bernard's directions to the store associate and her decision to place herself in a "precarious position" are intervening causes. (*Id*.) Moreover, Wal-Mart alleges that Bernard placed her knees in the vehicle without bracing herself and without the store associate's knowledge. (*Id*.) As discussed above, whether Bernard was

10

directing the store associate and what the store associate was able to see of Bernard are unclear from the record currently before the Court. Moreover, causation is generally a question of fact for the jury to determine. *Reiger*, 2019-Ohio-3745, at ¶ 11 (citing *Renfroe*, 167 Ohio St. at 475). Questions of fact exist here as to the store associate's knowledge of Bernard's positioning and whether she was directing him at the time of the accident.

Therefore, genuine issues of fact exist as to causation.

### C. Assumption of the Risk

Wal-Mart finally argues that Bernard voluntarily exposed herself to a known risk, which, under the doctrine of assumption of the risk, negates the duty and breach elements of negligence. (Doc. No. 42 at PageID 290.)

"It is well settled that Ohio law recognizes three separate types of the defense of assumption of the risk: express, primary, and implied." *Crace v. Kent State Univ.*, 2009-Ohio-6898, ¶ 11, 185 Ohio App. 3d 534, 538, 924 N.E.2d 906, 908 (Ohio Ct. App. 2009). Wal-Mart raises the defense of primary assumption of risk; therefore, the Court will only address this type.

"[P]rimary assumption of the risk negates a negligence claim because no duty is owed to protect against the inherent risks…." *Crace*, 2009-Ohio-6898 at ¶ 15 (citing *Gentry v. Craycraft*, 2004-Ohio-379, ¶ 9, 101 Ohio St. 3d 141, 144, 802 N.E.2d 1116, 1119 (Ohio 2004)). "In order to succeed on a primary assumption of the risk defense, it must be shown that the plaintiff: (1) had full knowledge of a condition; (2) such condition must be patently dangerous to him or her; and (3) he or she must voluntarily expose himself or herself to the hazard created." *Ellis v. Greater Cleveland RTA*, 2014-Ohio-5549, ¶ 14, 25 N.E.3d 503, 507 (Ohio Ct. App. 2014) (citing *Briere v. Lathrop Co.*, 22 Ohio St. 2d 166, 174–175, 258 N.E.2d 597, 603 (Ohio 1970)). "[P]rimary assumption of [the] risk requires an examination of the activity itself and not plaintiff's conduct.

If the activity is one that is inherently dangerous and from which the risks cannot be eliminated, then a finding of primary assumption of [the] risk is appropriate." *Morgan v. Kent State Univ.*, 2016-Ohio-3303, ¶ 15, 54 N.E.3d 1284, 1289 (Ohio Ct. App. 2016). "This variety of assumption of risk includes those situations where the risk is so obvious that plaintiff must have known and appreciated the risk." *Collier v. Northland Swim Club*, 35 Ohio App. 3d 35, 37, 518 N.E.2d 1226, 1228 (Ohio Ct. App. 1987) (citing *Weaver v. Hicks*, 11 Ohio St. 2d 230, 233, 228 N.E.2d 315, 318 (Ohio 1967)). "Because of the great impact a ruling in favor of a defendant on primary assumption of risk grounds carries, a trial court must proceed with caution when contemplating whether primary assumption of risk completely bars a plaintiff's recovery." *Gallagher v. Cleveland Brown Football Co.*, 74 Ohio St. 3d 427, 432, 659 N.E.2d 1232, 1237 (Ohio 1996).

Primary assumption of the risk is typically applied in "cases involving sporting events and recreational activities." *Crace*, 2009-Ohio-6898 at ¶ 12 (citing *Ballinger v. Leaniz Roofing, Ltd.*, 2008-Ohio-1421, ¶ 8 (Ohio Ct. App. 2008)). Because primary assumption of the risk is applied in situations where there is an obvious and known risk of danger, such as being hit by a ball at a baseball game, this Court must determine whether loading a television into a car poses such an obvious risk of danger.

Wal-Mart cites solely to *Williams v. Napa*, No. CA91-03-028, 1991 Ohio App. LEXIS 5186, 1991 WL 219607 (Ohio Ct. App. Oct. 28, 1991) to support its primary assumption of the risk argument. However, *Williams* involves an injury to a customer resulting from the loading of a vehicle engine block into a truck. *Williams*, 1991 Ohio App. LEXIS 5186, at *1-2, 1991 WL 219607, at *1. The situations are markedly different. While the plaintiff in *Williams* did have some knowledge regarding engine blocks, the risk of moving a vehicle's engine block differ from moving a television. It is difficult to say that the act of moving and loading a television is so

12

obviously dangerous that a person would know and appreciate the risk. Indeed, it is even more difficult to say that moving and loading a television is an activity "that is inherently dangerous and from which the risks cannot be eliminated," making "a finding of primary assumption of [the] risk… appropriate." *Morgan*, 2016-Ohio-3303 at ¶ 15.

It is appropriate in a case such as this to exert the caution advised by the Ohio Supreme Court when applying the primary assumption of the risk defense. *Gallagher*, 74 Ohio St. 3d at 432. Wal-Mart's argument is not well taken in this instance and the Court finds that the primary assumption of the risk defense does not apply.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Renewed Motion for Summary Judgment (Doc. No. 42).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, July 18, 2023.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE